

| Info | View | Filed | Entered | Description |
|---|---|---|---|---|
| i | 📄 | 03/13/2024 | 03/13/2024 | Citation and Service Copies of Petitions Issued - CHUBB INSURANCE SOLUTIONS AGENCY, IN |
| i | 📄 | 03/13/2024 | 03/13/2024 | Citation and Service Copies of Petitions Issued - FEDERAL INSURANCE COMPANY |
| i | 📄 | 03/08/2024 | 03/11/2024 | Petition for Damages |

**EXHIBIT B**

About              Privacy              Help              Contact Us              Report Issue

2024-02205

N
Section 8

Case 2:24-cv-01189-WBV-MBN   Document 1-3   Filed 05/09/24   Page 2 of 14

FILED
2024 MAR 08  P 02:05
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                                    DIVISION " "

KRISTIE OSTEEN

VERSUS

FEDERAL INSURANCE COMPANY, CHUBB INSURANCE SOLUTIONS AGENCY, INC.
and CHUBB PERSONAL RISK SERVICES

FILED: _____    _____
                                                                       DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Kristie Osteen ("Plaintiff"), resident of Orleans Parish, State of Louisiana, and a person of the lawful age of majority, who respectfully represents:

**JURISDICTION AND VENUE**

1.

Venue is proper in Orleans Parish under Louisiana Code of Civil Procedure articles 42 and 74, *et seq.* as the damage complained of occurred to immovable property in this Parish and insured by Federal Insurance Company and/or by Chubb Insurance Solutions Agency, Inc. ("Chubb Insurance" or "Defendant") and/or by Chubb Personal Risk Services in this Parish.

**PARTIES**

2.

Chubb Insurance is a foreign insurance company authorized to do business in the State of Louisiana at all times relevant hereto.

3.

Defendants are justly and truly indebted to Plaintiff for claims, losses and damages set forth herein, with legal interest from the date of breach or judicial demand, whichever is earlier, for all reasonable costs of these proceedings, attorneys' fees, and for all other general and equitable relief for the following reasons:

**FACTUAL BASIS**

4.

Kristie Osteen owns the property at 6010 Coliseum Street, New Orleans, Louisiana 70118 (the "Property").

1

2024-02205
N
Section 8

Case 2:24-cv-01189-WBV-MBN   Document 1-3   Filed 05/09/24   Page 3 of 14

FILED
2024 MAR 08  P 02:05
CIVIL
DISTRICT COURT

5.

At all times relevant hereto, Plaintiff had in place a valid and enforceable written insurance contract with Federal Insurance Company, issued by Chubb Insurance, bearing policy number 14830389-01. The policy provided insurance coverage to the Property and its contents, including coverage for perils resulting water intrusion, water, and other causes.

6.

On or about March 10, 2022, Plaintiff's residence sustained substantial damage when a retaining screw in a "pot filler" above the kitchen stove gave way, and the ensuing water pressure sprayed the entire kitchen and adjoining rooms with water. Plaintiff's cabinets, appliances, floors, and the interior were all soaked and severely damaged.

7.

Plaintiff was not at home at the time and did not return until hours. Plaintiff promptly had the water supply turned off, took what steps she could to prevent further damages by drying the floors, and then filed a claim with Chubb, which assigned claim number 040522008730 UW.

8.

Chubb Insurance engaged a field adjuster to evaluate the loss. The adjuster inspected the property on March 22, 2022, with a representative of Bonvillian company to assess the appliances. The desk adjuster, Felicia Reyes, approved the payment for a storage unit for the furniture, kitchen equipment, etc. that had to be removed from the home. A preliminary estimate was then issued on April 13, 2022, in the amount of $78,377.41. This estimate was not accompanied by a tender of the undisputed loss.

9.

The insured's cabinets were buckled and failing. For unknown reasons, Chubb delayed on a decision on whether the former cabinets could be discarded. Chubb did not cover the actual cost of replacement cabinets to match the originals. An adjuster met with cabinet companies onsite. Plaintiff made multiple attempts to contact the initial adjuster, Felicia Reyes, regarding the appliances and the need to cover the additional living expenses as they were incurred. Ms. Reyes agreed to pay for replacement appliances and interior items that had been damaged and discarded. She stated that Chubb would waive the deductible since the claim would exceed $50,000.00. Estimates were delivered to Ms. Reyes in late April and early May.

10.

2

2024-02205
N
Section 8

Case 2:24-cv-01189-WBV-MBN   Document 1-3   Filed 05/09/24   Page 4 of 14

FILED
2024 MAR 08  P 02:05
CIVIL
DISTRICT COURT

On May 4, 2022, Ms. Reyes backtracked on the ability to discard the appliances, likely due to the high replacement cost. Shortly thereafter, on May 5, 2022, Chubb claims transferred the claim to a senior claims specialist. In May and early June, the insured made numerous calls to the new adjuster without receiving any response, as the claim was still under "consideration."

11.

The field adjuster issued another report on June 8, 2022. The loss was now increased to $155,863.70, including a more accurate statement of the cabinet expense based on a generic estimate to replace the damaged work. However, the appliances were not included in the estimate, despite promises by Ms. Reyes. And for uncertain reasons, Chubb only tendered a check for $25,041.12 to the insured to reimburse for mitigation of the loss. The statement from the loss mitigation company was $34,052.28. Chubb did not explain the tender or why it backtracked on the prior agreement to waive the deductible.

12.

The failure to fund the cabinets and appliances was particularly troublesome because the replacement of these items promised particularly long lead times. The insured was not in a position to initiate the repairs without adequate funding for the entire loss.

13.

When no tender followed the replacement of Ms. Reyes, Plaintiff engaged counsel to notify Chubb by demand on June 13, 2022, to respond the most recent estimate. Counsel demanded payment to the full extent of the loss.

14.

Five months after the damage was incurred and two months after the demand for payment by counsel, Chubb claims that it tendered a check on August 11, 2022, to cover the dwelling repairs and debris removal in the amount of $153,283.70. The tender was delayed from the date it was due and was either lost in transit or never issued. A tender for the appliances was issued September 8, 2022.

15.

Chubb reissued a tender for the "lost" August check for the preliminary estimate of the home repairs. The replacement tender was delivered on or about September 22, 2022.

16.

3

2024-02205
N
Section 8

Case 2:24-cv-01189-WBV-MBN   Document 1-3   Filed 05/09/24   Page 5 of 14

FILED
2024 MAR 08  P 02:05
CIVIL
DISTRICT COURT

However, the Chubb tender was insufficient in that it did not cover movables damaged by the water leak (furnishing that Ms. Reyes committed to cover), AV equipment, the dishwasher or the bulk of the appliances that had to be replaced.

17.

The tender was also made payable to PennyMac Loan Services and Iberiabank. Only the former was Plaintiff's lender, necessitating that Plaintiff deliver the check to both the bank (unnecessarily) and also PennyMac to negotiate.

18.

At the time, Chubb did not tender reimbursement for the additional living expenses incurred such that Plaintiff could be in a financial position to make the down payments, particularly on the cabinets and appliances, while the tender was in PennyMac's hands.

19.

Chubb insisted upon additional copies of expense documentation delivered initially to Ms. Reyes, the first adjuster. This was overtly dilatory. Chubb did not tender amounts approved by Ms. Reyes and, to date, still has not paid the ALE amounts that are due under the policy.

20.

Chubb has delayed funding the repairs which has caused substantial delays. On May 15, 2023, for example, Chubb made a tender for the installation expense for cabinets and to replace a fireplace and mantle. The casualty had happened fourteen (14) months prior to the tender and Chubb had estimates for these items since at least October 24, 2022.

21.

Upon information and belief, Chubb purposefully and/or without a factual basis refused to tender additional insurance funds after receiving the satisfactory proof of loss and amended proofs of loss, and/or purposefully and/or negligently misrepresented to Plaintiff the scope, terms, and conditions of the Policy and/or conducted the investigation and claims handling for Plaintiff in a way that intentionally limited the scope of damages and priced the repairs at unreasonably low levels.

22.

Plaintiff has incurred additional expenses in making repairs because Defendants failed to timely compensate Plaintiff for her covered losses. Plaintiff was unable to initiate repairs due to Chubb's Insurance's delayed tender of amounts for Coverage A. Chubb continued to make partial

4

2024-02205
Section 8
N
Case 2:24-cv-01189-WBV-MBN    Document 1-3    Filed 05/09/24    Page 6 of 14

FILED
2024 MAR 08  P 02:05
CIVIL
DISTRICT COURT

payments in May 2023 for the lost interior items, fireplace unit and mantlepiece, with a supplement in June 2023.

23.

Plaintiff has incurred professional expenses, including expert and/or attorneys' fees, to assert their rights that the Defendant wrongfully failed to adequately/timely pay Plaintiff's claims under the Policy. It was not until November 2023 that Chubb funded a supplemental payment for the repair bid on the home.

24.

At all times relevant hereto, Plaintiff has complied with her obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

25.

As a result of the actions of Defendants described herein, Plaintiff is entitled to recover the following nonexclusive damages:

(a) Actual costs of repairs and remediation any increases in costs due to the Defendants' delays in making tenders and/or payments;

(b) Diminution of the value to the Property;

(c) Reimbursement for personal repairs of the Property;

(d) Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

(e) Additional living expenses;

(f) Emergency and temporary repair expenses;

(g) Loss of Use;

(h) Mental anguish and emotional distress;

(i) Actual, compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract;

(j) General, special, and punitive damages under LA. R.S. §22:1973 and §22:1892(8);

(k) Reasonable attorney's fees and costs pursuant to LA. R.S. § 22:1892 (B);

5

2024-02205

Section 8

Case 2:24-cv-01189-WBV-MBN   Document 1-3   Filed 05/09/24   Page 7 of 14

FILED
2024 MAR 08 P 02:05
CIVIL
DISTRICT COURT

(l) Costs of prosecution of this action and judicial interest of all damages from the date of judicial demand until paid;

(m) Cost of retaining expert witnesses including, but not limited to public adjusters, appraisers, engineers, attorneys, or other consultants; and

(n) All other losses that will be proven through discovery or at the trial of this matter.

26.

Chubb has been aware that the delays in paying the insured for the loss were creating difficulties with financing the repairs to the home. Chubb has repeatedly delayed decisions on replacement housing until the repairs are completed and, most recently, it has recommended that the insured move into an unfinished home, with an a non-existent kitchen, or the insured can pay for a rental house elsewhere.

27.

The insured is pregnant and cannot stay in an unfinished home with no kitchen while rearing a newborn child. The requests for an extension of time have not been accepted by Chubb, which has put the insured into an untenable housing situation when she is most vulnerable. Chubb should do better.

WHEREFORE, Plaintiff Kristie Osteen, prays that Defendants, Federal Insurance Company, Chubb Insurance Solutions Agency, Inc. and Chubb Personal Risk Services, be served with a copy of this Petition for Damages and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiff and against Defendants in an amount that will fully compensate Plaintiff for her damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for other and all general and equitable relief.

Respectfully submitted,
**SCANDURRO & LAYRISSON, L.L.C.**

*/s/ Stephen O. Scandurro*
STEPHEN O. SCANDURRO, Bar #20362
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199
Email: steve@scanlayr.com
***Attorney for Plaintiff***

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

2024-02205

Case 2:24-cv-01189-WBV-MBN　Document 1-3　Filed 05/09/24　Page 8 of 14

FILED
2024 MAR 08　P 02:05
CIVIL
DISTRICT COURT

**Section 8**

**PLEASE SERVICE:**

**CHUBB INSURANCE SOLUTIONS AGENCY, INC.**
Through its registered agent for service of process:
Commissioner Of Insurance
1702 North Third Street
Baton Rouge, LA 70802

**FEDERAL INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

| | |
|---|---|
| **ATTORNEY'S NAME:** | Scandurro, Stephen O 20362 |
| **AND ADDRESS:** | 607 Saint Charles Avenue , New Orleans, LA 70130-2208 |

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

**NO: 2024-02205**  **DIVISION: N**  **SECTION: 08**

### OSTEEN, KRISTIE

### Versus

### FEDERAL INSURANCE COMPANY

### CITATION

**TO:** CHUBB INSURANCE SOLUTIONS AGENCY, INC.

**THROUGH:** ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE

1702 NORTH THIRD STREET, BATON ROUGE, LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 13, 2024

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
D' Aryn Thomas, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within | On this ____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON CHUBB INSURANCE SOLUTIONS AGENCY, INC. | ON CHUBB INSURANCE SOLUTIONS AGENCY, INC. |
| THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE | THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE |
| Returned the same day _____ No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **CHUBB INSURANCE SOLUTIONS AGENCY, INC.** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.  DEPUTY  PARISH | |

ID: 11345083                        Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

| | |
|---|---|
| **ATTORNEY'S NAME:** | Scandurro, Stephen O 20362 |
| **AND ADDRESS:** | 607 Saint Charles Avenue, New Orleans, LA 70130-2208 |

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

**NO: 2024-02205**     **DIVISION: N**     **SECTION: 08**

### OSTEEN, KRISTIE

### Versus

### FEDERAL INSURANCE COMPANY

### CITATION

**TO:** CHUBB INSURANCE SOLUTIONS AGENCY, INC.

**THROUGH:** ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE

1702 NORTH THIRD STREET, BATON ROUGE, LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

*******COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*******

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 13, 2024

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

**CHELSEY RICHARD NAPOLEON,** Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
D' Aryn Thomas, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **PETITION FOR DAMAGES** ON **CHUBB INSURANCE SOLUTIONS AGENCY, INC.** THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE** Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER  RETURN ___/___ SERIAL NO.  DEPUTY  PARISH | On this _____ day of _____ served a copy of the within **PETITION FOR DAMAGES** ON **CHUBB INSURANCE SOLUTIONS AGENCY, INC.** THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS:COMMISSIONER OF INSURANCE** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **CHUBB INSURANCE SOLUTIONS AGENCY, INC.** being absent from the domicile at time of said service. Returned the same day No. _____ Deputy Sheriff of _____ |

ID: 11345083     Page 1 of 2

ATTORNEY'S NAME: Scandurro, Stephen O 20362
AND ADDRESS: 607 Saint Charles Avenue, New Orleans, LA 70130-2208

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2024-02205    DIVISION: N    SECTION: 08

**OSTEEN, KRISTIE**

Versus

**FEDERAL INSURANCE COMPANY**

## CITATION

TO: FEDERAL INSURANCE COMPANY

THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE

8585 ARCHIVES AVE., BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 13, 2024

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
D' Aryn Thomas, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON **FEDERAL INSURANCE COMPANY** | ON **FEDERAL INSURANCE COMPANY** |
| THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE** | THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE** |
| Returned the same day No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **FEDERAL INSURANCE COMPANY** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.   DEPUTY   PARISH | |

ID: 11345082    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME: Scandurro, Stephen O 20362
AND ADDRESS: 607 Saint Charles Avenue, New Orleans, LA 70130-2208

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2024-02205　　　DIVISION: N　　　SECTION: 08

### OSTEEN, KRISTIE

#### Versus

### FEDERAL INSURANCE COMPANY

### CITATION

TO: FEDERAL INSURANCE COMPANY
THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE., BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 13, 2024

| | |
|---|---|
| Clerk's Office, Room 402<br>Civil Courts Building<br>421 Loyola Avenue<br>New Orleans, LA 70112 | CHELSEY RICHARD NAPOLEON, Clerk of<br>The Civil District Court<br>for the Parish of Orleans<br>State of LA<br>by _____<br>D' Aryn Thomas, Deputy Clerk |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within<br>**PETITION FOR DAMAGES**<br>ON **FEDERAL INSURANCE COMPANY**<br>THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE**<br>Returned the same day<br>No. _____<br>Deputy Sheriff of _____<br>Mileage: $ _____<br>_____ / ENTERED / _____<br>PAPER　　RETURN<br>_____ / _____ / _____<br>SERIAL NO.　　DEPUTY　　PARISH | On this _____ day of _____ served a copy of the within<br>**PETITION FOR DAMAGES**<br>ON **FEDERAL INSURANCE COMPANY**<br>THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE**<br>by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **FEDERAL INSURANCE COMPANY** being absent from the domicile at time of said service.<br>Returned the same day<br>No. _____<br>Deputy Sheriff of _____ |

ID: 11345082　　　　　　　　　　　Page 1 of 2