UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTIE OSTEEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1189** |
| **FEDERAL INSURANCE CO., ET AL.** | **SECTION: D(5)** |

### REASONS FOR ORDER

Before the Court is a Motion for Partial Summary Judgment filed by Defendants Federal Insurance Company and Chubb Insurance Solutions Agency, Inc.[1] Plaintiff Kristie Osteen has filed a Response,[2] and Defendants have filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court advised the parties during the Pretrial Conference that it **GRANTS in part** and **DENIES in part** Defendants' Motion. These written reasons follow.

### I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises from a plumbing event at Plaintiff Kristie Osteen's home, which is located at 6010 Coliseum Street in New Orleans.[5] On March 10, 2022, a screw in a pot filler located over the Plaintiff's stove broke, and water sprayed

---

[1] R. Doc. 44.
[2] R. Doc. 45.
[3] R. Doc. 48.
[4] The Court draws the factual allegations from the Defendants' Statement of Uncontested Facts, which the Court accepts as true, except for those to which Plaintiff objected in her Statement of Genuinely Disputed Material Facts. L.R. 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."). The Court also supplements Defendants' Statement of Uncontested Facts and Plaintiff's Statement of Genuinely Disputed Material Facts with allegations from Plaintiff's original state court Petition. (R. Doc. 1-2). The Court uses those facts for context and does not afford them the benefit of the truth.
[5] R. Doc. 44-11 at ¶ 1.

throughout the Plaintiff's kitchen and adjoining rooms as a result.[6] Plaintiff was not at home when the screw broke, and when she returned hours later, she turned off the water supply in the house to stop the water from continuing to spray.[7]

The property was insured under Federal Insurance Company ("Federal") Policy No. 14830389-01, which was issued by Chubb Insurance ("Chubb").[8] Plaintiff filed a claim with Chubb, which sent an adjuster to inspect the property on March 22, 2022.[9] The adjuster issued an initial estimate of the loss of $78,377.41 in April 2022.[10] On May 2, 2022, Federal issued a payment of $25,041.12 for mitigation costs, and Federal issued a subsequent check for $153,283.70.[11] On this claim, Federal has paid a total of $701,188.56, with $452,144.73 paid to the Plaintiff for damage to the house, its contents, and for debris removal and $249,043.83 paid for additional living expenses ("ALE").[12] Plaintiff returned to the property in April 2025.[13]

Plaintiff filed suit against Defendants in Civil District Court for the Parish of Orleans on May 8, 2024; the case was removed to this Court on May 9, 2024.[14] In her petition, Plaintiff alleges that Defendants delayed or refused payment for appliances, cabinetry, and ALE and as a result Plaintiff seeks, among other claims, penalties and

---

[6] R. Doc. 1-2 at ¶ 6.
[7] *Id.* at ¶ 7.
[8] R. Doc. 44-11 at ¶ 1.
[9] *Id.* at ¶ 3.
[10] *Id.*; *see* R. Doc. 45-4 at p. 2.
[11] *See* R. Doc. 44-11 at ¶ 4, fn. 4; R. Doc. 45-1 at ¶ 4.
[12] R. Doc. 44-11 at ¶ 5.
[13] *Id.* at ¶ 12.
[14] R. Doc. 1 and 1-2.

2

fees under La. R.S. §§ 22:1892 and 22:1973, additional living expenses beyond March 31, 2024, and general damages, including for mental anguish.[15]

Defendants move for partial summary judgment on three of Plaintiff's claims: (1) extra-contractual damages under La. R.S. §§ 22:1892 and 22:1973; (2) ALE that were accrued after March 31, 2024; and (3) general damages for emotional distress.[16] As to the claim for extra-contractual damages, Defendants argue that Plaintiff's bad faith claim must fail because she failed to provide satisfactory proof of loss to the Defendant insurers.[17] Additionally, Defendants argue that even if the Plaintiff had shown a satisfactory proof of loss, Plaintiff cannot carry her burden to prove that Defendants acted arbitrarily, capriciously, or without probable cause in failing to remit payment to her.[18] Regarding the claim for ALE after March 2024, Defendants contend that the insurance policy clearly states that there was a two-year cap on ALE and thus that the Plaintiff cannot recover for ALE incurred after March of 2024.[19] Lastly, Defendants argue that Plaintiff's emotional distress claim fails because the claim is derivative of the claim of bad faith for which Plaintiff has failed to establish Defendants' liability.[20] Furthermore, Defendants aver that Plaintiff has presented no objective evidence of compensable mental anguish such that the claim can survive summary judgment.[21]

---

[15] *Id.*; R. Doc. 44-11 at ¶ 6.
[16] R. Doc. 44 at p. 1.
[17] R. Doc. 44-1 at p. 11.
[18] *Id.* at p. 15.
[19] *Id.* at pp. 18-19.
[20] *Id.*
[21] *Id.* at pp. 19-20.

Plaintiff responds that there are genuine issues of material fact that preclude summary judgment on all three claims identified by Defendants' Motion. Plaintiff contends that there are genuine issues of material fact regarding Defendants' alleged violation of the duty of good faith and fair dealing by failing to timely pay the amount of a claim after having received satisfactory proof of loss.[22] Regarding the claim for ALE that was accrued after March 2024, Plaintiff argues that there are questions of material fact regarding the remaining amount of available funds up to the policy's limit for ALE costs incurred and that ALE post-March 2024 could be an additional measure of damages under La. R.S. § 22:1973.[23] Lastly, Plaintiff contends that she has presented evidence that demonstrate a compensable claim for mental anguish caused by the uncertainty and emotional stress of her situation.[24]

Defendants reply that in response to their Motion, Plaintiff has not presented competent evidence to rebut the granting of summary judgment on the claims at issue. Regarding the claims for penalties under §§ 22:1892 or 22:1973, Defendants contend that the undisputed records demonstrate an ever-evolving adjustment process regarding Plaintiff's insurance claims.[25] Defendants argue that Plaintiff has failed to present evidence that establishes her entitlement to ALE beyond March 2024 because of the ALE limits both in scope and in time.[26] Lastly, Defendants reiterate

---

[22] R. Doc. 45 at pp. 14-15.
[23] *Id.* at pp. 21-23
[24] *Id.* at pp. 24-26.
[25] R. Doc. 48 at pp. 5-6.
[26] *Id.* at pp. 9-10.

that the emotional distress claim must fail because Plaintiff has failed to provide adequate proof of the distress as well as proof that Defendants caused that distress.[27]

## II.  LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[29]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[30]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[31] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[32] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[33]

If the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the

---

[27] *Id.* at pp. 4-5.
[28] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[29] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[30] *Anderson*, 477 U.S. at 248.
[31] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citation modified).
[32] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (citation modified).
[33] *Id.* at 399 (citing *Anderson*, 477 U.S. at 248).

evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[34] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[35]

## III. ANALYSIS

### (1) There is a Genuine Dispute of Material Fact Regarding Plaintiff's Bad Faith Claims.

Defendants argue that they are entitled to summary judgment on Plaintiff's bad faith claims because (1) Plaintiff cannot prove that she provided Defendants with satisfactory proof of loss and (2) Plaintiff cannot prove that the alleged failure to pay was arbitrary, capricious, or without probable cause. Plaintiff responds that whether she provided the Defendants with satisfactory proof of loss is a fact-intensive inquiry and that the facts here are in dispute.[36] Furthermore, she asserts that if the amount of the loss is disputed, controlling precedent requires insurers to tender the uncontested amount to the insured.[37] Defendants reply that they continued to adjust the claim in good faith as scope and pricing evolved during the claims process and that their actions do not meet the required standard under La. R.S. §§ 22:1892 and 22:1973.[38]

---

[34] *See Celotex*, 477 U.S. at 322–23.
[35] *Id*. at 324 (quoting FED. R. CIV. P. 56(e)).
[36] R. Doc. 45 at pp. 14-15.
[37] *Id*. at p. 16.
[38] R. Doc. 48 at pp. 7-8.

A claim for statutory bad-faith penalties under Louisiana Revised Statutes §§22:1892 and 1973 requires the insured to make a showing that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[39] These statutes are penal in nature and are to be strictly construed by the courts.[40] A satisfactory proof of loss under the statute is one "that which is sufficient to *fully apprise* the insurer of the insured's claim."[41] Whether the insured has provided satisfactory proof of loss is a question of fact.[42] Demonstrating that satisfactory proof of loss has been provided is "a necessary predicate to a showing that the insurer was arbitrary, capricious or without probable cause."[43] The Louisiana Supreme Court has held that the phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious," which means that the delay or refusal to pay was "unjustified, without reasonable or probable cause or excuse."[44]

The Court agrees with Plaintiff that the determination of whether satisfactory proof of loss was provided by the insured to the insurer is a fact-intensive inquiry that is not appropriately resolved on summary judgment in this matter. Louisiana courts have found "proof of loss" to be a "flexible requirement" that is "not required to be in any formal style."[45] The Court agrees with Plaintiff that even an insurance company

---

[39] *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 12/2/08).
[40] *Sanders v. Wysocki*, 631 So. 2d 1330, 1335 (La. Ct. App.), *writ denied*, 637 So. 2d 156 (La. 1994).
[41] *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985).
[42] *Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 787 F.3d 276, 286 (5th Cir. 2015).
[43] *Hart v. Allstate Ins. Co.*, 437 So. 2d 823, 828 (La. 1983).
[44] *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 12/2/08) (quoting *Reed v. State Farm Auto. Ins. Co.,* 857 So.2d 1012, 1020-21 (La.10/21/03)).
[45] *Sevier v. U.S. Fid. & Guar. Co.,* 497 So. 2d 1380, 1384 (La. 1986).

adjuster's personal inspection of the insured's damaged property could constitute satisfactory proof of loss.[46] The Court also agrees with Defendants that depending on the scope and causation of the event giving rise to the claim, an adjuster's inspection might not constitute satisfactory proof of loss because "of the enormity and scope of the damage."[47] There exists a genuine issue of material fact as to when satisfactory proof of loss was provided. Without determining when the satisfactory proof of loss was provided by the insured to the insurer, the 30-day statutory timeframe cannot be calculated under the statute.

Because demonstration of a satisfactory proof of loss is a predicate to a showing that the insurer was acting in a manner that was arbitrary, capricious, or without probable cause and because the Court finds that there is a genuine issue of material fact regarding when satisfactory proof of loss was provided, the Court need not address the second prong of the analysis. The Court, thus, declines to do so in this Reasons for Order.

**(2) Defendants are Entitled to Summary Judgment on Plaintiff's Claim for Additional Living Expenses ("ALE") Beyond March 2024.**

Defendants argue that the insurance policy's express two-year limit on ALE bars Plaintiff's claim for ALE after March 2024.[48] Because there was no agreed-to extension of ALE, Defendants urge that the clear language of the policy controls and that Plaintiff's claim for ALE post-March 2024 fails as a matter of law.[49] Plaintiff

---

[46] *J.R.A. Inc. v. Essex Ins. Co.,* 72 So. 3d 862, 881 (La. App. 4 Cir. 5/27/11).
[47] *Maloney Cinque, L.L.C. v. Pac. Ins. Co.,* 89 So. 3d 12, 23 (La. App. 4 Cir. 1/25/12), *on reh'g* (Mar. 28, 2012), *writ denied,* 92 So. 3d 345 (La. 7/2/12), and *writ denied,* 92 So. 3d 345 (La. 7/2/12).
[48] R. Doc. 44-1 at p. 17.
[49] *Id.* at pp. 18-19.

responds that genuine questions of material fact exist regarding Plaintiff's claims for ALE costs incurred within the contractual ALE period and for ALE as an additional measure of damages under La. R.S. § 22:1973.[50]

"An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[51] Provisions in the insurance policy should be interpreted "using their plain, ordinary and generally prevailing meaning."[52] If the wording of a provision in a policy is clear and unambiguous, courts must interpret the policy as written.[53]

The policy at issue states "We cover these increases to your normal living expenses for a period of time…commencing with the date of loss up to two years from the date of loss, or a later date if agreed to by us."[54] The parties agree that they never agreed to extend the time period for ALE under the policy.[55] While Plaintiff argues that that are questions of material fact regarding claims for ALE costs incurred during the contractual period and for ALE as an additional measure of damages, these arguments do not respond directly to Defendants' Motion. Defendants' Motion requests summary judgment on ALE incurred after March 2024, which is the end of the contractual period for payment of ALE expenses.[56] This length of time specified in the insurance policy is clear and unambiguous, and the Court, thus, interprets it as written.

---

[50] R. Doc. 45 at p. 21.
[51] *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 6/27/03).
[52] *Id.*
[53] *Id.*
[54] R. Doc. 44-9, *Policy*, at p. 53.
[55] *See* R. Doc. 44-11 and 45-1 at ¶ 20.
[56] R. Doc. 44-1 at p. 17

Additional living expenses beyond March 2024 are precluded by the plain language of the contract. Therefore, there is no genuine dispute of material fact that the date of the loss was March 10, 2022, that the policy contained an express provision covering ALE for two years from the date of the loss, and that there was no agreed-to extension of ALE. Defendants are entitled to summary judgment on Plaintiff's claim for ALE post-March 2024.

### (3) Defendants are Not Entitled to Summary Judgment on Plaintiff's Claim for Mental Anguish.

Defendants argue that Plaintiff's claim for general damages due to her mental anguish must fail because they are derivative of her bad-faith theories of recovery.[57] Additionally, Defendants contend that Plaintiff has provided no evidence of any compensable metal anguish that entitles her to recovery because ordinary frustration and inconvenience are not compensable under Louisiana law.[58] Plaintiff responds that she has presented evidence of her mental anguish due to the Defendants' alleged delays and that this anguish was not simply ordinary frustration and inconvenience.[59] Plaintiff argues that she has presented evidence to establish that there is a genuine issue of material fact regarding her mental anguish.

Because the Court has found that Defendants are not entitled to summary judgment on the bad faith claim, the Court focuses its analysis on Defendants' argument that Plaintiff has failed to provide evidence of compensable mental anguish as a result of Defendants' actions. General damages are available for mental anguish

---

[57] R. Doc. 44-1 at pp. 19-20.
[58] *Id.*
[59] R. Doc. 45 at pp. 24-26.

10

caused by an insurer's bad faith delay or refusal to pay claims.[60] However, the insured must present sufficient proof of mental anguish to recover such damages.[61] As part of this proof, the insured must prove that her mental anguish was caused by the insurer's refusal to or delay in paying the claim.[62] Evidence of disappointment, inconvenience, and stress is not enough to recover damages for mental anguish for an insurer's alleged bad faith actions.[63] Furthermore, neither proof of medical or psychiatric care nor testimony of experts is required to establish that compensable mental anguish occurred.[64]

Defendants argue that Plaintiff connects her emotional distress to the post-ALE living arrangements with family and friends and to the administrative burdens of submitting paperwork required by the insurance company. Plaintiff testified in her deposition that her having to fight with the insurers was tied to the uncertainty in living arrangements following the water damage to her house.[65] The Court finds that the Plaintiff's deposition creates a genuine issue of material fact as to whether she experienced compensable mental anguish as a result of the alleged delay in paying and alleged denial of her insurance claims. While Defendants point to *French* in support of their argument, in which the Fifth Circuit affirmed a district judge's denial of damages for mental anguish, the district court's ruling in that case happened at

---

[60] *French v. Allstate Indem. Co.*, 637 F.3d 571, 584 (5th Cir. 2011)
[61] *Id.*
[62] *Consol. Companies, Inc. v. Lexington Ins. Co.,* 616 F.3d 422, 434 (5th Cir. 2010) ("Damages are awarded to compensate the insured for losses caused by the insurer's refusal to pay.").
[63] *Prest v. Louisiana Citizens Prop. Ins. Corp.,* 125 So. 3d 1079, 1089 (La. 12/4/12).
[64] *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-3830, 2009 WL 1393711, at *2 (E.D. La. May 18, 2009) (citing *Dickerson v. Lexington Ins. Co.,* 556 F.3d 290, 305 (5th Cir. 2009)).
[65] R. Doc. 45-8, *Kristie Osteen's Deposition*, at pp. 17-18.

the close of a three-day bench trial once evidence regarding that plaintiff's mental anguish claim had been heard.[66] Plaintiff's testimony in her deposition creates a genuine issue of material fact that must be resolved at trial.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Federal Insurance Company and Chubb Insurance Solutions Agency, Inc.'s Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiff's claim for additional living expenses incurred after March 2024. It is in all other respects **DENIED**.

New Orleans, Louisiana, November 20, 2025.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[66] *French*, 637 F.3d at 584.